IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON SMITH, | : |
| Plaintiff, | : |
| v. | : 3:20-CV-00580 |
| | : (JUDGE MARIANI) |
| CLUB EXPLORIA LLC, d/b/a | : |
| POCONO MOUNTAIN VILLAS, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PRELIMINARY HISTORY

Plaintiff Damon Smith filed his Complaint (Doc. 1) against Defendant Club Exploria LLC, d/b/a Pocono Mountain Villas on April 6, 2020. Plaintiff asserts four claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Rights Act. (Doc. 1 at 6-8). Presently before the Court is Plaintiff's Motion to Compel Non-Party Compliance with Subpoena Pursuant to Federal Rule of Civil Procedure 45. (Doc. 29).

Thus far, the parties have completed written depositions and the depositions of both Plaintiff and Shannon Price, a human resources manager and custodian of records for Defendant, have been taken. (Doc. 29 at 1; *see also* Doc. 17 at 6). Plaintiff has had difficulty in deposing Matthew Merriam, a former employee of Defendant and whose deposition is the focus of this Opinion. (Doc. 29 at 1-2). Plaintiff alleges that he "served Mr. Merriam with a subpoena by first class mail on February 18, 2021" and "it was returned to

Plaintiff's counsel with no forwarding address on March 5, 2021." (*Id.* at 1). Plaintiff next alleges that he "issued the subpoena and sent it by email on July 22, 2021, for deposition on August 11, 2021, and again on July 30, 2021 by email; but [Mr. Merriam] did not respond or appear." (*Id.* at 2).

Plaintiff contends that Defendant has "denied any knowledge or awareness of updated contact information for Mr. Merriam" and, ultimately, Plaintiff has been unsuccessful in taking Mr. Merriam's deposition despite his best efforts. (*Id.*).[1] Plaintiff alleges that Mr. Merriam called Plaintiff's counsel and "advised of his intended refusal to comply with any subpoena or court order" and said that "he was going to block [Plaintiff's counsel's] phone numbers and be unavailable and not responsible to anything regarding this matter." (*Id.*).

In response, Defendant argues that "because the alleged subpoenas were never properly served on Mr. Merriam as required by Federal Rule of Civil Procedure 45, a motion to compel is premature[.]" (Doc. 30 at 1). Defendant also argues that "Plaintiff has failed to produce any evidence demonstrating that he is entitled to such relief" and as such, his Motion should be denied. (*Id.*).

---

[1] Plaintiff did not file a brief in support of his Motion to Compel, which is required by Local Rule 7.5. Nonetheless, the Court will address the merits of Plaintiff's Motion in the interest of making the Court's reasoning clear to Plaintiff in its denial of the Motion to Compel.

## II. ANALYSIS

Federal Rule of Civil Procedure 45 establishes the discovery rules that govern the issuance of subpoenas directed at third parties. Fed. R. Civ. P. 45; *Rosa v. Pa.*, 2021 WL 1578204, at *1 (M.D. Pa. Apr. 22, 2021) ("Rule 45 ... establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit."). "The court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). This provides "far-reaching discretion" to the court to ensure compliance with subpoenas. *Rosa*, 2021 WL 1578204, at *1.

As an initial matter, "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). The Third Circuit has not interpreted the meaning of "delivering" in the context of Rule 45(b)(1), but several district courts in the Third Circuit have. *High Tech Nat'l, LLC v. Stead*, 2020 WL 3605286, at *3 (E.D. Pa. July 2, 2020). The majority view, as expressed in *Alfamodes Logistics Ltd. Liability Co. v. Catalent Pharma Solutions, Inc.*, is that "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed *literally*." 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (emphasis in original); *see also Farley-Skinner v. Adventure Aquarium, LLC*, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) ("[C]ourts within

3

the Third Circuit have interpreted the word 'delivering' in [Rule] 45(b)(1) literally, requiring that an individual is served personally.") (citations omitted).

Some district courts within the Third Circuit have permitted the enforcement of subpoenas pursuant to Rule 45 where the subpoena was served by a manner other than personal service in limited circumstances. *Yelland v. Abington Heights Sch. Dist.*, 2017 WL 4122465, at *4 (M.D. Pa. Sept. 18, 2017) ("[T]he form of Rule 45(b) does not compel requiring personal service to the exclusion of other manners of service for this particular case involving serving a minor.") (internal citations and quotations omitted); *see also Jorden v. Glass*, 2010 WL 3023347, at *1, n. 1 (D.N.J. July 23, 2010) (finding that, although personal service is generally required, the plaintiff had properly served the non-party via certified mail "because either he or someone authorized on his behalf signed an acknowledgement of receipt of plaintiff's subpoena" and there was evidence in the form of an email exchange that indicated that the non-party received the subpoena) (internal citations and quotations omitted). The limited circumstances present in these cases that permitted service in a manner other than personal service are not present in this case.

Here, Plaintiff has not attempted to personally serve Mr. Merriam, but instead sent the subpoena to him once by first class mail and twice by email. (Doc. 29 at 1-2). Plaintiff has never received a response to the subpoena from Mr. Merriam. (*Id.*). Plaintiff's failure to personally serve, or attempt to personally serve, Mr. Merriam is fatal to his Motion because the majority position in the Third Circuit is that Rule 45's use of the term "delivering"

4

contemplates personal service. As such, Plaintiff has not complied with the requirements of Rule 45 and his Motion is premature until such proper service takes place.

Even if Plaintiff could properly serve Mr. Merriam by mail or email, his Motion would still fail. Although Plaintiff alleges that Mr. Merriam was "served ... with a subpoena by first class mail," there is no evidence in Plaintiff's Motion or elsewhere in the docket to support that he was actually served by mail. (*Id.* at 1; *see* Doc. 30 at 4 ("Accordingly, because Mr. Merriam apparently has not been served with any subpoena and there is certainly no filed return of service certified by the actual process server, he is not presently 'before the Court' such that he can be compelled to do anything.")); *see also Calpin v. Lackawanna Cnty.*, 2017 WL 4883199, at *2 (M.D. Pa. Oct. 30, 2017) ("The proof of service and the declaration of server on the subpoena filed as an exhibit with the court are blank. Thus, there is no indication that Attorney Comerford was personally served with Plaintiff's subpoena as required."). Therefore, there is no evidence to support Plaintiff's allegation that Mr. Merriam was "served" by mail.

Furthermore, Plaintiff alleges that his counsel spoke with Mr. Merriam on the phone and that Mr. Merriam "advised of his intended to refusal to comply with any subpoena or court order," but Plaintiff has failed to file any records as evidence that this phone call took place. Even if Plaintiff had properly supported this allegation in his Motion, Mr. Merriam's alleged "knowledge of the subpoena does not validate Defendant's improper service." *Farley-Skinner*, 2018 WL 3647209, at *2; *Alfamodes Logistics Ltd. Liability Co.*, 2011 WL

1542670, at *1 ("Likewise, evidence that at least some of the non-parties are aware of the existence of the subpoenas and attempts to serve such subpoenas does not satisfy Fed. R. Civ. P. 45."). While the Court acknowledges Plaintiff's difficulty in serving Mr. Merriam, Plaintiff still must effectuate proper service upon him before the Court may compel him to testify as a non-party under Rule 45.

"The responsibility for compelling a non-party fact witness to appear for a deposition rests with the plaintiff, and not the District Court or opposing counsel." *Shahin v. Del.*, 563 Fed. Appx. 196, 200 (3d Cir. 2014). Thus, because Plaintiff has failed to properly serve Mr. Merriam the Court does not have the authority to compel Mr. Merriam to appear and testify at a deposition. *Shahin v. Del.*, 563 Fed. Appx. 196, 200 (3d Cir. 2014) (holding that after multiple subpoenas were returned unexecuted, "Davis was never served with a subpoena, and, accordingly, it would not have been proper to hold her in contempt [under Rule 45] for disobeying it."); *Alfamodes Logistics Ltd. Liability Co.*, 2011 WL 1542670, at *1 (denying a motion for sanctions against non-parties where the plaintiff and third-party defendants "failed to demonstrate they have satisfied the requirements of Fed. R. Civ. P. 45" and finding that unless the non-parties "have been properly served, subpoenas, they cannot be held in contempt of the Court or subject to sanctions"). Accordingly, Plaintiff's Motion to Compel will be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Non-Party Compliance with Subpoena Pursuant to Federal Rule of Civil Procedure 45 (Doc. 29) will be denied. A separate Order follows.

_____
Robert D. Mariani
United States District Judge